# **EXHIBIT A**

**LETTER FROM PURCHASER DATED JULY 3, 2019**



# The Law Offices of David Davies, PLLC

**Metro Square | 1023 Main Street, Suite 202, Conway, AR 72032 | T: (501) 358-4422 | F: (501) 358-4933**
**David Davies|** *Of Counsel:* **Reynaldo Conesa, Tina Huddleson**
**Licensed in Arkansas, Tennessee, Missouri & Puerto Rico**

July 3, 2019

Mr. Mark Moore
Mr. Stephen McCartin
Mr. Steve Solomon

**Re: Proposal to Purchase the Assets of the Business of Frankie V's Kitchen, LLC**

**Dear Mark, Stephen and Steve:**

This letter (this "Letter") is intended to summarize the principal terms of a proposal being considered by Casa Verde Foods LLC ("Buyer") regarding its possible acquisition of substantially all of the assets, free and clear of all encumbrances, of the consumer packaged foods manufacturing business (the "Business") of Frankie V's Kitchen, LLC ("Seller"). The possible acquisition of the Business is referred to as the "Transaction" and Buyer and Seller are referred to collectively as the "Parties."

1. **Acquisition of Assets and Purchase Price.**

(a) Subject to the satisfaction of the conditions described in this Letter, at the closing of the Transaction, Buyer shall acquire substantially all of the assets of the Business (the "Assets"), free and clear of all encumbrances, at the purchase price set forth in Section 1(b).

(b) The purchase price for the Assets would be $2,500,000.00 (the "Purchase Price") in cash, subject to adjustment, and payable as follows:

    (i) $250,000.00 payable within 3 business days of the Court's acceptance of this Letter, to be deposited with a mutually agreeable escrow agent; and

    (ii) $2,250,000.00 payable at the closing of the Transaction;

    (iii) Should the transaction fail to close for any reason, the $250,000.00 in escrow shall promptly be returned to Buyer.

(c)     Buyer has calculated the Purchase Price on the basis of information currently known to Buyer and on the basis of the following assumptions:

   (i)     Seller agrees to retain and compensate substantially all of the current employees through the closing of the Transaction.

   (ii)    Seller shall, at its sole expense, make all necessary repairs to the storm-damaged roof, including the skylight, insulation, and food-grade drop ceiling, as necessary to return the facility to full operating condition. Swab testing for mold and mildew (including spores) shall be completed in all affected areas, and remediation activities shall be continued until swabs meet or exceed the current standards set out by the Safe Quality Food (SQF) Institute, the Texas Department of Agriculture, the Texas Department of State Health Services, and the United States Department of Agriculture (USDA).

   (iii)   The United States Bankruptcy Court for the Northern District of Texas, Dallas Division approves of the sale and so orders its completion and ratifies its terms in full.

2. **Proposed Definitive Agreement.**

As soon as reasonably practicable after the execution of this Letter, the Parties shall commence to negotiate a definitive purchase agreement (the "Definitive Agreement") relating to Buyer's acquisition of the Assets, to be drafted by Buyer's counsel. The Definitive Agreement would include the terms summarized in this Letter and such other representations, warranties, conditions, covenants, indemnities and other terms that are customary for transactions of this kind and are not inconsistent with this Letter. The Parties shall also commence to negotiate ancillary agreements to be drafted by Buyer's counsel, including (i) a bill of sale and (ii) an assignment and assumption agreement.

3. **Covenants of Seller.**

During the period from the signing of this Letter through the execution of the Definitive Agreement, Seller will: (i) conduct the Business in the ordinary course in a manner consistent with past practice, (ii) maintain its properties and other assets in good working condition (normal wear and tear excepted), (iii) use its best efforts to maintain the Business and employees, customers, assets and operations as an ongoing concern in accordance with past practice, (iv) pay its workers their normal wages; and (v) provide the Buyer with reasonable access to the Business, its employees, and all documentation related to the assets of the Business.

4. **Termination.**

This letter will automatically terminate and be of no further force and effect upon the earlier of (i) execution of the Definitive Agreement by Buyer and Seller, (ii) mutual agreement of Buyer and Seller, and (iii) 10 business days from July 3, 2019.

5. **GOVERNING LAW.**

THIS LETTER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH INTERNAL LAWS OF THE STATE OF TEXAS AND THE BANKRUPTCY CODE OF THE UNITED STATES, WITHOUT GIVING EFFECT TO ANY CHOICE OR CONFLICT OF LAW PROVISION OR RULE (WHETHER OF THE STATE OF TEXAS OR ANY OTHER JURISDICTION) THAT WOULD CAUSE THE APPLICATION OF LAWS OF ANY JURISDICTION OTHER THAN THOSE OF THE STATE OF TEXAS.

6. **No Third Party Beneficiaries.**

Except as specifically set forth or referred to herein, nothing herein is intended or shall be construed to confer upon any person or entity other than the Parties and their successors or assigns, any rights or remedies under or by reason of this Letter.

7. **Expenses.**

The Parties will each pay their own transaction expenses, including the fees and expenses of investment bankers and other advisors, incurred in connection with the proposed Transaction.

8. **No Binding Agreement.**

This Letter reflects the intention of the Parties, but for the avoidance of doubt, neither this Letter nor its acceptance shall give rise to any legally binding or enforceable obligation on any Party, except as expressly set forth in this agreement. No contract or agreement providing for any transaction involving the Business shall be deemed to exist between Seller and Buyer and any of its affiliates unless and until a final definitive agreement has been executed and delivered.

9. **Miscellaneous.**

This Letter may be executed in counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one agreement. The headings of the various sections of this Letter have been inserted for reference only and shall not be deemed to be a part of this Letter. If the Seller is in agreement with the terms set forth above and desires to proceed with the proposed Transaction on that basis, please sign this Letter in the space provided below and return an executed copy to the attention of David J. Davies, attorney for the Buyer.

`

Very truly yours,

**Casa Verde Foods LLC**

_____
By: David Davies
Attorney for Buyer
The Law Offices of David Davies, PLLC
1023 Main Street, Suite 202
Conway, AR 72032

[
Agreed to and accepted:

_____
Steve Solomon, CRO for
Frankie V's Kitchen, LLC